[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Robert Cocozza, brings this action against Wickes Inc., doing business as Wickes Lumber Company (Wickes), and William M. Kusy, to recover for injuries allegedly sustained in an automobile accident.
The complaint alleges that on October 27, 1997, at approximately 9:19 a.m., the plaintiff was operating his vehicle eastbound on 1-84 in Farmington.
As the plaintiff slowed his vehicle in response to traffic ahead, he was struck from behind by a flatbed trailer truck owned by the defendant Wickes, and operated by William Kusy.
The complaint alleges that the collision resulted from the negligence and carelessness of the defendant operator, and that he was operating the flatbed trailer in the course of his employment by Wickes.
The defendants have admitted, in their answer dated April 14, 1999, that William Kusy, at the time of the accident, was operating the vehicle within the scope of his employment.
Therefore, if a verdict is rendered against the defendant operator, a verdict will also enter as a matter of law against Wickes, and both defendants will be jointly and severally liable for the amount of the judgment. CT Page 6973
There is no basis in the pleadings for a verdict to be rendered against the defendant owner, independent of proof of negligence by the defendant operator.
There is a complete unity of interest against both named defendants (see Beach v. Regional School District Number 13,42 Conn. App. 542,550 (1966)).
On April 10, 1999, the plaintiff, Robert Cocozza, filed two offers of judgment, one directed to William Kusy, and the second directed to Wickes.
Both offers of judgment recite the identical figure, $29,999.
The defendants have moved to strike the offers of judgment, claiming that individual offers of judgment are not permitted in situations where both defendants are jointly and severally liable for any judgment, and no independent basis of liability against the owner of the vehicle exists as a matter of law.
The plaintiff interposes a procedural objection, claiming that the motion to strike can not be used to challenge the filing of an offer of judgment.
He further claims that offers of judgment filed against individual defendants have been expressly sanctioned by the Connecticut Supreme Court in Blakeslee Arpaia Chapman. Inc. v. El Constructors. Inc., 239 Conn. 708 (1997).
 MOTION TO STRIKE NOT APPROPRIATE PLEADING
Motions to strike are governed by § 10-39 (a) of the Connecticut Practice
Book:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counter claim or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action CT Page 6974 which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.
The plaintiff accurately points out that the challenge to the legal sufficiency or propriety of an offer of judgment is not covered by § 10-39 (a) of the Connecticut Practice Book.
However, in an effort to address the merits of the defendants' claims, the motion to strike will be treated as a properly filed objection to the filing of the offers of judgment.
 COLLATERAL SOURCE RULE NOT VIOLATED
The defendants argue that permitted both offers of judgment to stand violated the "collateral source rule" in § 52-225b
of the Connecticut General Statutes.
That statute specifically exempts from the definition of collateral source, "amounts received by a claimant as a settlement."
Therefore, in the event that the claimant settles a claim against one tortfeasor, either through judgment or withdrawal of action, the trial court does not deduct the proceeds of that settlement from any verdict rendered. Bower v. D'Onfro,38 Conn. App. 685, 697 (1995).
 CLAIMANT MAY FILE INDIVIDUAL OFFERS OF JUDGMENT
Section 52-192a of the Connecticut General Statutes governs the filing of an offer of judgment by a plaintiff:
 [T]he plaintiff may before trial file with the clerk of the court a written "offer of judgment" signed by [the plaintiff] or [the plaintiff's] attorney, directed to the defendant or [the defendant's] attorney, offering to settle the claim underlying [such] action and to stipulate to a judgment for a sum certain. . . .
In Blakeslee, the court specifically held that § 52-192a
CT Page 6975 gives to a plaintiff the flexibility of filing a unified offer of judgment, or an offer of judgment addressed to each individual defendant.
Noting that the purpose of an offer of judgment is to encourage pretrial settlements, the court held that it was with a plaintiff's discretion whether to file a unified offer of judgment against multiple defendants, even though the procedure was not mandated by statute. Blakeslee Arpaia Chapman. Inc., supra 239 Conn. 743.
Exhibiting a preference for global settlements, the court acknowledged that there may exist practical reasons which convince a plaintiff to file separate offers of judgment against jointly and severally liable defendants. Blakeslee ArpaiaChapman. Inc., supra, 746-47, n. 43.
However, there is no prohibition either in statute or in theBlakeslee opinion, which prohibits the filing of separate offers of judgment as to jointly and severally liable defendants.
The defendants correctly note the bizarre results which could occur, following the filing of separate offers of judgment in cases such as the case at bar.
For example, a defendant might file an offer of judgment in this case, pursuant to § 52-193 of the Connecticut General Statutes, for $40,000.
Should a $35,000 verdict be returned, the plaintiff's offer of judgment would have been exceeded, assuming no reduction for collateral sources.
However, because the verdict did not reach the defendant's offer of judgment, the defendant might be in a position to recover costs, and attorney's fees not to exceed $350.
The Blakeslee court addressed the issue, by opining that a plaintiff, as a practical matter, would not file separate offers of judgments in cases involving automobile owner/operator negligence. Blakeslee Arpaia Chapman. Inc., supra, 746.
However, because Blakeslee has sanctioned the type of filing utilized by the plaintiff in this case, the defendants' objection to the offers of judgment is not well taken. CT Page 6976
Although a change in the offer of judgment statute requiring unified offers of judgment in cases involving vicarious liability, Respondeat superior, or automobile owner/operator negligence where permissive use is admitted might be a welcome alteration, any change should come from the General Assembly, or a reexamination of Blakeslee.
The defendants' objection to the filing of the offers of judgment is overruled.
Radcliffe, J.